UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>Stefan Persson dba Stefan Persson,<br><br>    Debtor. | **CASE NO.: 19-11948-CMA**<br><br>**CHAPTER 13**<br><br>**OBJECTION TO CONFIRMATION BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HOLDERS OF THE GSAA HOME EQUITY TRUST 2005-8** |

Deutsche Bank National Trust Company, as Trustee for Holders of the GSAA Home Equity Trust 2005-8 through its servicing agent Bank of America, N.A. ("Creditor"), objects to confirmation of the proposed chapter 13 plan (The "Plan") of Stefan Persson ("Debtor" herein). The basis for this objection is that the Plan does not comply with the provisions of Title 11, chapter 13 of the United States Bankruptcy Code and thus should not be confirmed by the Court.

### I.     BACKGROUND

On or about April 4, 2005, Stefan R. Persson and Lisa K. Persson executed and delivered a note in favor of Countrywide Home Loans, Inc. in the original principal amount of $649,750.00. This Note was secured by a Deed of Trust ("Deed") encumbering real property commonly described as 2666 37th Ave SW, Seattle, WA 98126 ("Property"). Creditor is the holder of the note or services the note for the holder.

On May 23, 2019, Debtor filed for protection under Title 11, chapter 13 of the United States Code under cause number 19-11948-CMA in the above listed court.

Objection to Confirmation - 1
MH# WA-19-155133

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 19-11948-CMA    Doc 18    Filed 06/18/19    Ent. 06/18/19 14:56:07    Pg. 1 of 4

The outstanding balance due on the Note as of filing is approximately $852,410.85. As of the same date the loan is contractually due for the April 1, 2012 payment.

The pre-petition arrears, including payments, late charges, escrow advances and accrued fees and costs are approximately $359,063.22 as will be detailed in Creditor's filed proof of claim. The monthly payment due as of June 1, 2019 was $4,754.34.

## II.     ARGUMENT AND AUTHORITY

Under 11 U.S.C. § 1325(a)(5) the Court shall confirm a plan only if as to each secured claim the claim holder accepts the plan and the plan provides for distribution to that creditor in an amount not less than the value of the allowed secured claim. The plan as proposed contemplates sale of the Property, but it is unclear whether sale is possible in light of all obligations owed and there is no remedy provided in the event that a sale is not feasible.

Under 11 U.S.C. § 1325(a)(6) the Court shall confirm the plan only if the Debtor demonstrates an ability to make all payments under the plan and otherwise perform on the provisions of the plan. Debtor has failed to indicate an intent to make any payments to the trustee and thus there is no source to fund the obligations of the plan absent a hoped for sale of property.

Under 11 U.S.C. § 1325 (a)(1) and 1322 (b)(2) a plan may not modify the rights of a holder of a claim secured only by an interest in real property that is the Debtor's personal residence. The proposed plan modifies the right of Creditor to a regular monthly installment payment.

Under 11 U.S.C. § 1325 (a)(1) and 1322 (b)(5) a plan must provide for the cure of an existing default within a reasonable time and require the maintenance of payments while the case is pending on a secured claim on which the last payment is due after the date on which the final payment under the plan is due. The plan as proposed is dependent entirely on a sale but no parameters or details are provided to establish a timeline for cure or other remedy.

//
//
//

Objection to Confirmation - 2
MH# WA-19-155133

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 19-11948-CMA    Doc 18    Filed 06/18/19    Ent. 06/18/19 14:56:07    Pg. 2 of 4

### III. CONCLUSION

For the reasons listed above, the chapter 13 plan as proposed fails to comply with the requirements of United States Code Title 11. Therefore, Creditor respectfully requests the Court deny confirmation of the proposed Chapter 13 plan. If the court sustains this objection and denies confirmation, Creditor respectfully requests that the Court set a deadline by which an amended plan is to be filed. Creditor further requests that if the Debtor does not file the Amended Plan by the date imposed by the Court, that the Trustee be permitted to submit an order dismissing the bankruptcy case for failure to comply with the order of the court.

Dated: June 18, 2019                McCarthy & Holthus, LLP


/s/ Lance E. Olsen
Lance E. Olsen, Esq. WSBA# 25130
Michael S. Scott WSBA# 28501
Attorneys for Movant

Objection to Confirmation - 3
MH# WA-19-155133

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 19-11948-CMA    Doc 18    Filed 06/18/19    Ent. 06/18/19 14:56:07    Pg. 3 of 4

## CERTIFICATE OF SERVICE

On 6/18/2019, I served the foregoing **OBJECTION TO CONFIRMATION** on the following individuals by electronic means through the Court's ECF program:

**TRUSTEE**
Jason Wilson-Aguilar
courtmail@seattlech13.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Salvador Arroyo
Salvador Arroyo

On 6/18/2019, I served the foregoing **OBJECTION TO CONFIRMATION** on the following individuals by depositing true copies thereof in the United States mail, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR**
Stefan Persson, 2666 37th Ave SW, Seattle, WA 98126

**BORROWER**
Lisa K Persson, 2666 37th Ave SW, Seattle, WA 98126

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Hue Banh
Hue Banh

Certificate of Mailing- 4
MH#WA-19-155133

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 19-11948-CMA    Doc 18    Filed 06/18/19    Ent. 06/18/19 14:56:07    Pg. 4 of 4